## CIRCUIT COURT OF ROANOKE COUNTY

Quail Valley
Homeowner's Ass'n, Inc.

v.

W2 Enterprises, L.L.C.,
and Quail Ridge
Homeowner's Association, Inc.

April 1, 2008

Case No. CL07-1410

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff servient estate owner filed suit for injunctive relief against Defendant dominant estate owner, claiming that dominant estate owner was violating the requirements of the storm water drainage easement across the servient estate by not installing it as an underground utility. The basic dispute between the parties centers on their differing interpretations of the language used in the grant of easement. Upon the agreement of the parties, and with certain stipulations of counsel, the Court visited the dominant and servient estates and viewed the placement of the storm water drainage system. Thereafter, the parties presented written and oral arguments.

Dominant estate owner built a containment pond that collects storm waters from its entire condominium development, which is located on the hillside directly above and contiguous to the servient estate, and channels it through a short underground storm drainage pipe into an open ditch that runs across the servient estate. Plaintiff argues that the deed of easement only grants the dominant estate owner the right to construct underground utilities for, among other things, storm water drainage, and that, without the

construction and installation of such an underground utility, Defendant does not have an easement to drain his collected storm waters across the lands of the Plaintiff. Defendant contends that the deed of easement allows him to construct a storm water drainage system, but does not require him to do so. Their position is that, since they have not constructed such a utility system, they cannot be in violation of the grant of easement for failing to install it underground.

As the Plaintiff argues, in Virginia, a landowner may not collect surface water into an artificial channel and discharge it in concentrated form upon the land of another to his injury. *Mccauley v. Phillips*, 216 Va. 450, 454 (1975). It is obvious from the lay of the land and the language of the easement that it was with this legal concept in mind that Plaintiff granted, and Defendant's predecessor in title accepted, the easement that is now the subject of the controversy between the parties. The deed of easement grants the dominant estate a perpetual easement across the servient estate "for the constructing, installing, and maintaining of all utilities, included, but not limited to storm water drainage. . . ." A later provision in the deed narrows the terms of the easement and requires that, if Defendant exercises the easement by constructing one or more of the listed utilities, the utilities that he installs must be installed underground. The deed contains no other provision allowing Defendant to discharge its collected surface water across the lands of the Plaintiff. "The use of an easement must be restricted to the terms and purposes on which the grant was based." *Pizzarelle v. Dempsey*, 259 Va. 521, 530 (2000). The current storm water drainage system is in contravention to the deed of easement. If Defendant plans to utilize the deed of easement to drain storm and surface water from the dominant estate through the servient estate, he must do so by constructing an underground storm water drainage system.

The various positions taken by each of the parties concerning the agreements of the previous landowners to undertake the obligations and benefits of the deed of easement are not necessary. Whether an easement is appurtenant to land or merely personal depends on the intent of the parties and is determined from the language used in the grant of easement. In this case, it is clear that the grant of a "perpetual easement" is appurtenant to, and runs with, the land. *Lester Coal Corp. v. Lester*, 203 Va. 93, 98 (1961), and *United States v. Blackman*, 270 Va. 68, 77 (2005). It is as binding on the parties now, as it was on their predecessors when it was granted. An agreement by subsequent landowners to abide by its terms is surplusage.